Our first case of the day is People v. Daniel Barron, 4-14-0705. Attorney Hanlon is here on behalf of the defendant. Attorney Manchin is here on behalf of the state. Mr. Hanlon, are you ready to proceed? Yes, ma'am. All right, you may proceed. Thank you. May it please the court, I'm John Hanlon on behalf of Daniel Barron and his family. The legal issue for this court, of course, today is should this court reduce Mr. Barron's conviction for criminal sexual assault to one of criminal sexual abuse, which we agree is a lesser included offense, because of the evidentiary weaknesses in the state's case and because the trial judge at sentencing expressed doubts and some questions and some concern about having to impose the minimum sentence of four years for criminal sexual assault. A related issue that I'm sure the prosecution will bring up is whether or not Rule 615b-3 permits this court to do that. So I'm sure that will be part of our discussion as well. But first, two things I'd ask the court to consider. This issue is not a reasonable doubt argument. We're not arguing that under no circumstances could the juror have found this person guilty under the evidence as it was presented. We're not arguing that. I don't think that would be a fair way to present this case. This is a very unusual case, Your Honors, and I know you've reviewed the record. You hear sexual assault cases all the time, and this is different. This case is very different because of the circumstances of the offense and the offender. It's very different. Mr. Barron was barely 18. He had been away from his home one time in his life on a camping trip. He has no criminal history other than this situation. Instead, he was a good student, a good family member, a consistent and well-recognized employee. This is a different case, Your Honors. Prior to trial, and again, just some other things from the record that I would ask the court to consider is the context of this case. I'm asking you for what should be a cautiously applied remedy. And so I'm asking the court to consider the entire context of the case. Prior to trial, the defendant was permitted to travel by the trial judge. Again, this is a criminal sexual assault case, and actually it was charged as an aggravated criminal sexual assault case. Yet the judge permitted Mr. Barron to travel with his family, gave him bond for the entirety of the proceeding, including after conviction. Again, very, very unusual, I would submit. At sentencing, the prosecution here agreed that there were no aggravating factors other than the conviction for the offense itself. Again, very unusual. And the prosecutor recommended the minimum sentence of four years. I would submit that that's a very unusual situation for Your Honors to see, all of these factors. Mr. Barron testified at the sentencing hearing that he was scared of prison. He was scared that it would hurt him and change him. And then, Your Honors, I'm sure have looked at the comments of the judge, the trial judge, at the sentencing hearing and will weigh those as to my argument that the judge had doubts about having to impose the four-year sentence. These kind of comments, I think it's safe to say, are incredibly rare, where the judge compliments the defendant on the entirety of his life, says that he's a good person, a solid young man, but that he has to give him four years. And I'll get into those specific comments in a moment. Your Honors, there is a line of cases where it stands for the proposition that an appellate court, under Supreme Court Rule 615B3, may reduce the degree of an offense on appeal if the offense sought to be reduced to is a lesser-included offense. Again, we agree that it is. I've cited those cases. I'm not going to talk about those cases very much, except just to mention briefly two cases. One is the Kennebrew case from the Illinois Supreme Court. That case is a little bit different because it's one where the sufficiency of the evidence was actually in question. But the quote that I would ask the court to take note of from that case is that Rule 615B3 provides broad authority to the appellate court to reduce a conviction under the appropriate circumstances, of course. I would also call your attention to the Kick case, K-I-C-K, a case which is actually cited by counsel in his brief. And what's interesting about that case is that that case, which he cites for the proposition that, well, we shouldn't do this, actually used the evidentiary weakness standard. It used the standard that I'm asking this court to consider. Your Honor, as I said, I think that this remedy is one that should be applied, as the case law says, with caution and introspection. And, of course, I'm not asking for this court's mercy. That's what the case law has said I may not do, and I'm not. But to consider under the appropriate standard what an unusual case this is and how weak the evidence is and what the judge said. As to the weakness of the case, Your Honors, note first that this case was charged as she couldn't give consent because she was asleep. This is an offense that, according to the evidence, happened around 4 o'clock in the morning. The victim had been out drinking that night to the extent that she testified that she would not and should not have driven a car. She went to sleep, went to bed in her house, three-story house, and then was awakened to some degree when she felt, she thought she felt a touch. Now, if you read her testimony, which I'm sure Your Honors have and will read her testimony very closely, what we see is a person who, like we have all been, something happens in the middle of the night. And you're shaking the cobwebs trying to figure out what's going on. She said, as a matter of fact, when she was first touched, that she started to go back to sleep. She thought it was maybe a dream and that, well, maybe her boyfriend was in bed with her. So, you know, clearly not awake and not fully aware of what's going on. And after what she thought was another touch that involved penetration, she, quote, kind of woke up, sat up, and rubbed her eyes trying to figure out what was going on. Again, you know, the word I use in my brief and that I would again use is hazy. This person, again, as we all have been in the middle of the night when something wakes us up, she was hazy and uncertain as to what was going on. Unusual nature of this offense continued after she got up. She saw a person cowering in her room, in a corner of her room, cowering. He got up, apologized, and headed for the stairs. And she threw him down the stairs. That's the only violence that's involved in this case. And again, I don't mean to diminish at all what harm has occurred to this person. But again, it's not like the criminal sexual assault cases that we as lawyers and you as justices have seen in our careers. She threw him down the stairs. She did not go to the hospital, did not have any kind of physical examination at any point. She called the police. I believe the evidence was that they asked her, do you want to go to the hospital? She said no. So no examination was done, no sexual assault kit was done in this situation. Your Honor, I mentioned, of course, the standard including what the judge said at sentencing. I've set that out on pages 11 and 17 of my brief. You all have been trial judges, and so I think you can relate to, whoa, this is something that we don't see very often in felony, serious felony cases. The court said, the most difficult part of my job is to sentence good people for, and I'm paraphrasing, but to sentence good people for the one bad act that they do. That's what I'm having to do here. That's an interesting start to this portion of his comments. He said this is not a one-sided issue. He said this is a two-sided thing. He really was taking a good close look at Mr. Barron. He then went on to say, again, I've not seen this, but then went on to say, I don't believe you'll ever do this again. Considering who you are and how I've gotten to know you during the course of this proceeding, I don't believe that you'll ever do this again. He also said, well, deterrence and rehabilitation really don't apply in this case, because I don't think you'll ever do this kind of act again. He said it's unfortunate, quote-unquote, unfortunate truth that I have to send you to the Department of Corrections. He said if probation had been available, I don't think I would have done that, but it would have made it a lot more difficult, his word. Mr. Hanlon, were you the trial lawyer? No, Your Honor. Did the attorney at trial move for a directed verdict at the close of the state's evidence on the count of sexual assault? Your Honor, my recollection is that there may have been a perfunctory brief motion for a corrected verdict. I'm sure the record will reflect whether I'm correct or not on that. The same judge, again, this is the same judge who gave him bond throughout and who let him travel out of state. And again, the counsel argues in his brief, well, the judge said, yeah, I probably wouldn't give him probation, so this argument should be rejected. There's something in between four years for criminal sexual assault and probation. And that is the lesser amount of time, one to three years, that is the statutory sentence for criminal sexual abuse. And that's why we're asking that that offense should apply. Your Honors, Mr. Barron stands convicted of criminal sexual assault as if he was someone who stalked this victim, went in there on purpose, seeking to do this, committed a violent act of false sexual penetration with his sex organ, and that's not remotely what occurred. We know that the legislature has to draw lines and define offenses and draw lines, but they can't anticipate that a situation that involves such a lack of justice and a lack of violence and these incredible facts, only some of which I've taken the time to go into this morning, that that could occur. And that's why Rule 615B3 exists and has been interpreted as it has, because sometimes there are situations that call for an adjustment. And that's what we're asking this Court to do. And I'll just say this, if there is a case where the rule should be applied under the standard that I've discussed, this is the one. If this isn't the one, then there is no such case. I would ask the Court to consider that. Your Honors, as I said, I'm sure Mr. Manchin will discuss whether this remedy is available under B3. I'd be happy to comment on that in my rebuttal argument. Thank you. All right. Thank you, Mr. Hampton. If you'll have more time on rebuttal, Mr. Manchin. Good morning, Your Honors. May it please the Court, Counsel. This is a case where, strict of all the verbiage, this is really just a plea for sympathy and benevolence on the part of this Court. The defendant admits that the evidence is sufficient to prove him guilty of a greater offense beyond a reasonable doubt. The case law is clear that 615B allows the reduction of an offense to a lesser when an element of the greater offense has not been proven beyond a reasonable doubt. The elements of the greater offense have all been proved beyond a reasonable doubt. The jury here was instructed as to the greater offense and two lesser sexual offenses. The jury found the defendant guilty of the greater. The closest analogy I can find to suggest the defendant's argument today is the whole idea of jury nullification. You ignore the facts, you ignore the law, you ignore the prosecutor's right to choose the offense to charge, you ignore the legislature's right to set the penalties, and you decide for yourself, okay, if I were doing things, this is what should happen. And I think that is simply not and should not be the law in Illinois. The evidentiary weaknesses alleged by the defendant by his own cases, this is not the type of evidentiary weakness that would even allow a reduction because of evidentiary weakness and dissatisfaction. And just because the trial court finds that the defendant is a sympathetic person, that he's a good candidate for not repeating, does not mean he is dissatisfied with the sentencing structure. This is not one of the cases where the trial court says, I wish I could give you something less than the four years I'm required to give you. He just states the law that says that probation is not an option and I wouldn't have given it anyway. This is not a case where there's an evidentiary weakness or a dissatisfaction with the sentence that would even allow a defendant's theory to be applied. And I think that the line of cases cited by the defendant is brief regarding this authority to reduce a sentence or reduce the degree of a sentence when there's an evidentiary weakness or a dissatisfaction should be rejected and should simply not be followed by this court. I think that the 615B should be limited strictly to the situations, as in Kennebrew, where the element of the greater offense has simply not been proven. And then the question is, do you acquit the defendant completely or do you allow imposition of a conviction on a lesser included offense? As far as the Kick case, I think it's very instructive. There, the court did not follow the evidentiary weakness prong and say that there is no evidentiary weakness and said that you simply cannot reduce a penalty because you disagree with the sentencing scheme adopted by the legislature. That is exactly what we have here. We have a defendant who doesn't like the result and wants this court to ignore everything else and reduce the sentence. Again, I suggest this is not much different than the whole idea of jury nullification, where you try to get the jury to ignore the law, ignore the facts, ignore everything and reach the result you want because you're sorry for the defendant or he's such a nice guy. That's what this whole argument boils down to, is that, hey, I should have been charged with something else, I should have been found guilty of something else, I should get something different than what the legislature requires. And I do not think that 615B was or should be intended for this type of case. It should simply be limited to those cases where an element of offense has not been proven. And that case where the question then becomes, do you let the defendant walk completely or can he then be convicted of a lesser? But where you have a case here where the jury has been fully instructed as to both the greater offense and the lesser offense to which the defendant wants this case reduced to, the jury has made a determination that the greater offense has been proved beyond a reasonable doubt. The defendant does not contend on appeal that the jury's determination was wrong. There's simply no basis for doubt. Thank you, Mr. Manchin. Any rebuttal, Mr. Hamlin? Yes, Your Honor. Your Honor, the plain language of Rule 615B3, and that's what we're supposed to look at, what you all as appellate court justices are supposed to look at, is let's give the plain language the meaning it appears that it should have. And the plain language is that this court may reduce the degree of the offense of which the appellant was convicted. I don't know how much more plain that could be in terms of the authority that this court has. And honestly, I think it would just be wrong and unjust for any court to say, you know, there may be a just result that we would like to get here, get to here, but we can't do it. That's the inability to provide justice. That's the inability to look at each case in a cautious manner, as the case law suggests. I would also suggest that if B3 is interpreted as, well, we can't do this, then that would render B1, where the rule says that the court may reverse, affirm, or modify the judgment, one of them would be superfluous. Obviously, B3 is intended to provide a different remedy than what B1 provides. And so the fact that there is a B3 that says this very clear plain language suggests that the Supreme Court wanted appellate courts to be able to do precisely what we're asking it to do. And more importantly, or just as importantly, the case law indicates that. In the Kidd case, which counsel mentioned, by the way, the appellant did not argue that there was an evidentiary weakness. That's why the appellate court shot him down. He didn't argue it. All he argued was that the sentence was unfair. That's all he argued. The appellate court expressly said, well, he's not arguing evidentiary weakness, so we can't go there, although the court accepted that that was the standard should the appellant have made that argument. Your Honors, I know you give this case a close look, and I appreciate your time. Thank you. Thank you, Mr. Hanlon. We'll take this matter under advisement and stand in recess.